G. B. ADKINS v. WARE & SONS.

1. A. consigned cotton to commission merchants for sale, and they advanced him over $5000 upon the consignment. They sold the cotton at a rate which only realized some $2400, and sued him for the excess of their advances over the proceeds of the cotton. A. alleged fraud in the sale of his cotton, and reconvened for damages. On special issues the jury found the plaintiffs' charges to be correct, but that they had fraudulently sold the cotton for less than its market value, and that defendant had thereby lost $2000. The district court, in rendering judgment for the balance due the plaintiffs, applied the $2000 as of the date of the trial, and not as of the time when the cotton was sold. *Held*, error; the defendant's loss was incurred when the cotton was sold, and he was entitled to have it recouped as of that date, so as to stop interest *pro tanto* on the plaintiffs' demand.

2. Findings of a jury upon special issues are not to be regarded in the light of a verdict; but should be treated as in chancery practice.

APPEAL from Harrison. Tried below before the Hon. J. B. Willliamson.

The only question in dispute was that indicated in the first head-note. As some three years had elapsed
37—XXXV

between the sale of the cotton and the trial of the cause, the question materially affected the amount for which the plaintiffs were entitled to recover.

The opinion states such of the facts as are relevant to the matter in controversy.

*W. Stedman*, for the appellant.—The judgment is clearly erroneous, because it gives appellees' interest on $2000 of appellant's money for more than three years. Ware reported that he had sold Adkins's cotton for $2375$\frac{86}{100}$. The jury said that he ought to have sold it for $4375$\frac{86}{100}$, and that it was by reason of Ware's fraud that it was not sold for that sum. The jury found that the balance due from Adkins to Ware, when the cotton was sold, was $941$\frac{70}{100}$, instead of $2941$\frac{70}{100}$, as claimed by Ware; whereas the court gave Ware interest on $2941$\frac{70}{100}$, from the sale of the cotton to the day of the judgment; in other words, gave Ware interest on Adkins's $2000 for over three years. The defendant's answer is in the nature of and identical with the plea of recoupment, at common law. Now, what is recoupment? It is defined to be "the keeping back and stopping something which is due." (Waterman on Set-off, 466.) Recoupment is now uniformly applied when a man brings an action for a breach of contract between him and the defendant, and the latter can show that the plaintiff has violated some stipulation in the same contract, when the defendant may recoup his damages arising from the breach committed by the plaintiff, and thus the law will cut off so much of the plaintiff's claim as the cross-damages will come to. (Waterman, 470.) "Cut off so much of the plaintiff's claim!" Cut it off when? Why, at the time the deduction from the plaintiff's claim occurred, of course—at the date of the sale of the cotton in this case; because, if the appellees

had then "cut off" the $2000 which they fraudulently deprived the appellant of, this suit would never have been brought. (See, also, opinion of Judge Cowen, in 22 Wend., 155 ; Waterman, 475.) When the nature of a transaction necessarily constitutes an account, consisting of receipts and payments, debts and credits, the balance only is considered the debt. (Waterman, 20.) Here the jury found the balance of the account to be $941$\frac{70}{100}$, which is the debt, and the amount to which appellees are entitled, with interest. Recoupment and set-off are of the same nature, and the ground on which set-off is admitted is, that to the extent of the discount there is a mutual extinguishment of the demands of the respective parties. (Smalley v. Trammell, 11 Texas, 11.) A valid set-off is an extinguishment *pro tanto* of the debt sued for. (Younger v. Welch, 22 Texas, 428.) When did the extinguishment occur in this case? At the date of the sale of the cotton, of course. These views, it is thought, entitle the appellant to have the value of his cotton deducted from appellees' demand at the date of the sale of the cotton, or at the date at which appellees' account was made up, which was thirtieth of May, 1868 ; and he therefore asks that the judgment be reformed and rendered for the balance of $941$\frac{70}{100}$ due him at that date, and interest thereon.

*James Turner*, for the appellees.—It is contended that this judgment is erroneous, for the reason that the damages found should have been entered at the date of the sale of the cotton.

It would seem to be a sufficient answer to this objection, that if the credit had been entered of that date, it would have been before any damage had been sustained ; because it was not until events showed that the cotton would have brought a greater sum at a sub-

sequent time, that Adkins was damaged. The very damage itself is the difference between what the cotton sold for, and what it would have sold for had it been held longer. On the very day before the verdict was rendered, the appellant amended his answer, and after enumerating his causes of complaint, fixed his damage at two thousand dollars. Before that time he had claimed four thousand dollars. In the last answer he seems to have abandoned his original answer, or to have abated the amount of his damage, closing his answer in the usual form, "to the defendant's damage," etc., and praying judgment for that sum. Now, I crave to know how the court, even if appellant's view of the law be the correct one, could, two days after the filing of that answer, give him judgment for more than the sum complained of. In original suits, or in pleas in the way of reconvention for damages, the pleader informs the court of the extent of the injury he has sustained, and fixes his damages in a sum sufficient to cover them. Above that sum courts cannot go, because the law will award no man more than he claims to be due him. He tells us on the twenty-fourth of June, 1871, that his damage is two thousand dollars, and when the jury give it to him, he claims that his damage was still greater, and that he should have interest on that sum for two or three years besides. Our law permits all manner of reconvention for damages. In an attachment, for instance, the defendant can claim any damage sustained by the writ, and reconvene; but who ever heard of a court, after a verdict fixing the amount, allowing interest on it from the suing out of the writ?

If I should bring suit against A. on a note bearing ten per cent. interest, and attach his property, and he should reconvene for damages, according to the position of

appellant, the verdict of a jury allowing damage would relate back to the issuance and levy of the writ, and interest on my note would stop from that date ; in other words, the court would give judgment for the verdict and all back interest on the damages.

Had there been no advance of money in this case, and Adkins had sued Ware & Sons for damage in selling the cotton, and the jury found, as in this case, that by reason of the act Adkins had been damaged two thousand dollars, would the court have allowed interest on the amount from the date of the injury, or from the verdict? Clearly, only from the date of the verdict; for it is by the verdict, and that alone, that the court knows that damage has been sustained.

Interest on money in legal contemplation is in the nature of damages, and except in matters of liquidated demands courts have no right to assess damages. The jury can alone fix the measure of damage in any case on an unliquidated demand, and the court has no right to add to or take from it. As they find it, so it must stand.

How can this court know, and how could the district court know, but what all this matter of interest was taken into consideration by the jury? The jury, after ascertaining the amount due from Adkins to Ware, and its date, proceeded to sum up Adkins's damage and fix it at a given sum ; had they wished to go higher, the court would have told them that the law forbid it, and that they could give a party no more than he claimed to be due.

The law is clear, and the practice has invariably conformed to it, that verdicts for damages take effect from the finding, and have no retroactive operation. That the verdict fixes the damage, not at some past time, but at the present, the date of verdict; and I have yet to

learn the law or see the decision that allows interest on something that only comes to be fixed months or years afterwards, when a jury brings it into being. You had as well say that a verdict for slander relates back to the speaking of the slanderous words. There can be no escape from the conclusion that a verdict for damages relates to and has effect only from its rendition, and fixes the damage of the party, not at a future or past time, but at the present.

The authorities cited by appellant are all good law, but refer to other kinds of cases. Were Adkins seeking to affect Ware & Sons' claim with a counter-claim, then interest would stop to the extent of the set-off. But before one claim can be set off against another, it must first be ascertained that there is a claim to set off.

Appellant's attorney tells us in his brief that the jury found that there was a balance due Ware & Sons, after the cotton was sold, of $941\frac{70}{100}$. I can find nothing of the kind in the verdict; and what he affirms to be a finding of the jury he reaches by a calculation based upon his view as to the time the verdict for $2000 should take effect. On the contrary, the jury find that at the time the cotton was sold Adkins owed Ware & Sons $5317\frac{56}{100}$, with a credit for the cotton sold of $2375\frac{86}{100}$, leaving the balance due Ware & Sons of that date of $2942\frac{70}{100}$, and, by the first finding, that Adkins admitted the account to be correct. The jury were not instructed to do so, and did not subtract the damage sustained by Adkins from what he owed Ware & Sons. The verdict will not bear the counsel out in saying that the jury found that the sum of $941\frac{70}{100}$ was the amount due Ware & Sons at the date of sale; nor do I see that the jury find that Ware & Sons should have got for the cotton $4375\frac{86}{100}$, instead of $2375\frac{86}{100}$, and again we have the calculation of the counsel for facts found by the jury.

WALKER, J.—In this case special issues were submitted to the jury, and they found the following facts, among others:

. 1. "That the account as stated in plaintiffs' petition was admitted by Adkins to be true. The amount of said account is five thousand three hundred and seventeen and $\frac{56}{100}$ dollars, with a credit of two thousand three hundred and seventy-five and $\frac{86}{100}$ dollars, pro·ceeds of sale of cotton.

"Ware did, by reason of fraud or corruption, dispose of Adkins' cotton at a price below the market. Adkins did lose by said fraud or corruption two thousand dollars."

If Adkins lost two thousand dollars by fraud or corruption in the sale of his cotton, when did he lose it? Certainly there can be but one answer to this question; he lost it when the cotton was sold, and from that time he was entitled, by virtue of this recoupment of his damages, to an offset *pro tanto* against Ware & Sons' account.

The attorneys have treated these special findings of the jury in the light of a verdict; they cannot properly be so regarded. If the practice of submitting special issues to the jury must be tolerated under our system, then we must learn to treat it as it is treated in courts of equity, where it can only properly belong. The Chancellor orders special issues to be found by a jury, from which findings he deduces his decree. In this case, after the jury had returned their findings upon the special issues, the court entered up a judgment, and that judgment is erroneous.

Adkins' damages date from the sale of the cotton. and Ware & Sons' account should be diminished, not only by the price the cotton sold for, but also by the two thousand dollars lost to Adkins by the sale.

This is the judgment which the court should have entered upon the findings of the jury, and the same will be reformed and rendered accordingly.

REFORMED AND RENDERED.