## J. P. STEGER ET AL. v. W. L. BARRETT.

Decided December 23, 1909.

### 1.—Special Issues—Judgment.

Findings of a jury on special issues are not to be regarded in the light of a verdict, but should be treated as in chancery practice. The court may reject the assessment of damages so specially found upon a ground for which it afterwards determines that no recovery was permissible and exclude them from the amount of the judgment awarded.

### 2.—Same—Harmless Error.

Errors in submitting for special finding by the jury an element of damages not legally recoverable, become harmless when the amount found under such issue is rejected by the court in rendering its judgment on the findings.

### 3.—Master and Servant—Independent Contractor—Steam Engine—Escape of Fire.

Defendant who employed another to furnish and run the latter's traction engine, to obtain power in carrying on his business, the employer directing the location and operation of the engine and having the right to discharge, was liable for damages by the escape of fire and destruction of the property of plaintiff through defects in the equipment of the engine. He was not relieved from liability on the theory that the person employed and owning the engine was an independent contractor.

### 4.—Trespasser—Negligence—Escape of Fire.

One who places on the premises of another and over his protest a steam engine and in its operation permits fire to escape and destroy the latter's property, is, it seems, liable for the damage as a result of his trespass, irrespective of the question of negligence in the construction and operation of the engine.

### 5.—Tenant—Improvements—Market Value—Damages.

Improvements belonging to a tenant upon leased premises of which the lease was not assignable could be properly assumed to have no market value and the issue as to damages by their wrongful destruction by fire submitted as one to be determined by their actual as distinguished from their market value.

### 6.—Special Issues—Damages—Interest.

A case having been submitted on special issues by which the value at the time of its destruction of the property for loss of which recovery was sought was determined, the court could supplement such finding by adding interest on that amount from the time of the loss, and render judgment accordingly.

### 7.—Harmless Error.

Where the findings of the jury on special issues support a recovery by plaintiff on two or more distinct grounds, errors in the submission of only one of such issues are not cause for reversal.

Appeal from the District Court of Fannin County.   Tried below before Hon. Ben. H. Denton.

*E. L. Agnew* and *Thurmond & Steger,* for appellants.—Measure of damages was market value.   Cullers v. James, 66 Texas, 494; Texas & P. Ry. Co. v. Medaris, 64 Texas, 92; Pacific Express Co. v. Lasker, 81 Texas, 81; Matthews v. Missouri Pac. Ry. Co., 44 S. W., 802.

The issue as to independent contractor should have been submitted.   Simonton v. Perry, 62 S. W., 1090; Wallace v. Southern Oil Co., 91 Texas, 18; City of Groesbeck v. Pinson, 21 Texas Civ. App., 44; Missouri Valley B. & I. Co. v. Ballard, 116 S. W., 93.

*McGrady & McMahon,* for appellee.—In the absence of proof the court must assume that such property has no market value.   Such things are not usually sold on the market.   Gulf, C. & S. F. Ry. Co. v. Holliday, 65 Texas, 521; International & G. N. Ry. Co. v. Nicholson, 61 Texas, 550; Sinclair v. Stanley, 64 Texas, 67.

A leasehold can't be sold without consent of landlord as matter of law and has no market value.   Moser v. Tucker, 87 Texas, 94.

The lease contract in question so provided.   James was defendant's servant, not an independent contractor.   Tiffin v. McCormack, 34 Ohio St., 638, 32 Am. Rep., 408; Singer v. Rahn, 132 U. S., 518, 33 L. ed., 440; Railway v. Couch, 121 S. W., 189; Cannon v. Ry., 4 Ohio St., 399; O'Neill v. Blase (Mo.), 68 S. W., 764; Railway v. Davis, 23 Ind., 556; Treadwell v. N. Y., 1 Daly, 128; Maximilian v. N. Y., 62 N. Y., 163; Ham v. N. Y., 70 N. Y., 462; Althorf v. Wolfe, 22 N. Y., 365; Pickens v. Diecker, 21 Ohio St., 212, 8 Am. Rep., 55; Lockwood v. N. Y., 2 Hilt, 67; Gilbert v. Beach, 4 Duer, 427; Vogel v. N. Y., 92 N. Y., 10; 26 Cyc., 1548 (note 19).

LEVY, ASSOCIATE JUSTICE.—On October 14, 1908, certain buildings and personal property therein, owned by appellee and located on certain premises leased by him for a term of years from the true owner, were destroyed by fire.   He sued appellants for their value, claiming that they negligently and wrongfully entered as trespassers on his premises, and, over his continued objection and without his consent at and before the injury, located and operated thereon a traction steam engine, which was not equipped with any spark arrester or other reasonably sufficient means to prevent the escape of fire or sparks therefrom, and negligently operating the engine caused it to emit fire and sparks, which set fire to and destroyed his property.   Appellants answered by general denial, plea of contributory negligence, and a want of liability because the injury was not caused by their act, but by the act of an independent contractor.   The case was tried to a jury, and upon their special findings a judgment was entered for appellee.

The findings of the jury on all issues of the case being adverse to appellants, and their findings being supported by sufficient testimony in the record, we are bound by such findings, as being within the function of the jury.   As found by the jury, and such findings here are sustained in deference to their verdict, the appellee's property

was destroyed by fire by means of sparks emitted from the traction steam engine wrongfully placed at the time on appellee's premises by appellants, and negligently equipped, as having no spark arrester or other reasonably safe means of preventing the escape therefrom of live sparks, and negligently operated in such condition by appellants through their servant, Jim James, in charge thereof. The appellants, as found by the jury and supported by the evidence, at the time of the injury were upon appellee's premises, and had stationed and were operating for their benefit and use the traction engine in question thereon, without appellee's consent or permission and over his continued protest and objection and insistence of its removal, and the finding is supported that appellee was not guilty of negligence proximately causing the injury, and the amount of the judgment is sustained by the evidence.

*After stating the case.*—Appellants by several assignments, one, two, six, eleven, twenty-one and twenty-two, here grouped by us for ruling, complain of the rulings of the court in respect to the claim of appellee for damages for the lessened value of his leasehold and its use to him because of the destruction of the buildings thereon. The court submitted special issues to the jury, and their findings on all issues and items of damages were separate and distinct findings. The jury's findings on the lessened value and use of the leasehold was by the court, when he entered the judgment, excluded and not allowed as a recovery to appellee. This final action of the court was tantamount to a finding in favor of appellants on this particular item of damage claimed by appellee, and operated, we think, to cure all errors, if errors, in respect to the questions presented on this appeal, and no injury, by the rulings, could be held in the case to result to appellants. The finding being separate and itself definite, and a recovery therefor being denied, it eliminated previous errors in respect thereto, as much so as remittitur would in cases of excessive damages. It is the established rule that a remittitur of special damages cures all errors in respect thereto occurring in the trial. The court in this case had the power to set aside and hold for naught this particular finding of damages by the jury, as being in his opinion not legally recoverable, and to accept and then base the judgment on the remaining findings of the jury. Findings on special issues are unlike a general verdict. We quote: "Findings of a jury upon special issues are not to be regarded in the light of a verdict; but should be treated as in chancery practice." Adkins v. Ware, 35 Texas, 577.

The appellants plead that Jim James owned, operated and controlled the engine under an independent contract with them, and that they had no control, and were not responsible for his acts or omissions. Appellants by their third, eighth, twelfth and fifteenth assignments contend, in effect, that in the case James, as a matter of law, was an independent contractor, and not a servant of appellants. By the tenth assignment it is claimed the issue submitted to the jury in this respect was as worded erroneous. The court submitted to the jury the finding as to whether James was an inde-

pendent contractor with appellants, and they found in the negative. The evidence shows without conflict that appellants were using a gasoline engine for power in shelling corn at their sheller and it would not properly do the work. Until they could get other power of their own they employed Jim James, the owner of the traction engine in question, to assist in shelling the corn and to furnish the power and do the work, agreeing to pay him $3 per day for the use of the engine and for his services, and appellants agreeing to furnish fuel and water. Appellants placed the engine on appellee's premises. The employment of James was not for any special time, but at the option of appellants by the day. It would not have been error, we think, for the court to have held, as a matter of law, the evidence being conclusive, that James in operating the engine was the servant of appellants, acting within the scope of his authority, and for whose acts in the case appellants would be liable. Stephensville, N. S. & T. Ry. Co. v. Couch, 121 S. W., 189; O'Neill v. Blase, 94 Mo. App., 648, 68 S. W., 764; 26 Cyc., 1548, note 19. He was laboring by the day, assisting them in shelling their corn, subject to their orders, liable to be discharged at any time, and working at their will. In view of the other facts, his ownership of the engine becomes immaterial. Appellants furnished the water and fuel, and directed him when and where to operate it. If the issue submitted to the jury as worded was erroneous as assuming that James was a servant of appellants it was not reversible error, as no other finding, we think, could legally have been returned. This, therefore, is sufficient answer to the assignments, and they are overruled. Even if negligence in the case had not been shown, which we think has clearly been done, appellants being trespassers, as it appears, on the premises of appellee, they might be held liable in the case, regardless of their or James' negligence. Wood v. Pacolet, 80 S. C., 47, 61 S. E., 95; Tiffin v. McCormack, 34 Ohio St., 638, 32 Am. Rep., 408. See Frazier v. Bedford, 66 S. W., 573; Red River, T. & S. Ry. Co. v. Dooley, 35 Texas Civ. App., 364, 80 S. W., 566.

By the fourth assignment it is contended that the court erred in refusing the special charge instructing the jury that "the measure of plaintiff's damage by loss of his improvements was fair market value at the time they were burned, or if they had no market value, then their fair value to him." The court instructed the jury to ascertain and find from the evidence the "fair actual value" on the day of the burning of the buildings. The improvements were located on leased premises, as it appears. The lease contract in evidence expressly provided that the leasehold should not be assigned or sublet. As a matter of law, a leasehold can not be sold without the consent of the landlord, and consequently has no market value. Moser v. Tucker, 87 Texas, 94, 26 S. W., 1044. Such things are not usually sold on the market. In the absence of proof to the contrary, as in this case, the court was authorized, as a matter of law, we think, to assume that such property has no market value; and in confining the jury to "fair actual value" the charge was in accordance with the evidence, and there was no reversible error in refusing the special charge. International & G. N. Ry. Co. v. Nicholson, 61 Texas, 550; Sinclair v.

Stanley, 64 Texas, 67; Gulf, C. & S. F. Ry. Co. v. Holliday, 65 Texas, 521.

By the eighteenth assignment it is contended that the court erred in allowing interest on the judgment, because the jury did not find interest in their verdict. Appellee prayed for interest, and was entitled to interest from the date of loss. Watkins v. Junker, 90 Texas, 584, 40 S. W., 11. As authorized by the statute relating to special verdicts, the court was authorized to make the finding of interest in the absence, as in this case, of a request on the part of appellants to have the jury make the finding. In the absence of a request on the part of appellants for such finding, there was no reversible error. Moore v. Pierson, 100 Texas, 113, 94 S. W., 1132.

The fifth and thirteenth assignments are overruled. Even if it should be held that appellants' promise to indemnify against loss for being allowed to remain on the premises, if made, would not estop them from showing a want of liability, yet the errors assigned in this respect could not operate as reversible error, because the evidence clearly establishes negligence and authorizes a judgment upon that ground, and without the question of their promise of indemnity, if any, being considered. The findings on the several issues were separate, and appellants defended and offered evidence on the question of negligence, and were not deprived of their right in this respect.

All the other assignments have been considered, and were ordered overruled.

The judgment was ordered affirmed.

*Affirmed.*

Writ of error refused.