**ST. LOUIS & S. F. R. CO. v. TROUTMAN.**

(Court of Civil Appeals of Texas. Dallas. May 20, 1911. Rehearing Denied June 10, 1911.)

1. RAILROADS (§ 355*)—INJURY TO PERSONS NEAR TRACKS—RIGHT TO BE NEAR CROSSING—"TRESPASSER."

One who had been walking on a railroad's right of way stepped off on a public highway, intending to pursue his journey on the highway as soon as a train passed. *Held,* that he was not a trespasser, and the railroad owed him the same duty as any one else on the highway.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 355.*

For other definitions, see Words and Phrases, vol. 8, pp. 7094, 7821.]

2. RAILROADS (§ 363*)—INJURY TO PERSONS ON CROSSING—PROXIMATE CAUSE OF INJURY.

A railroad owes the duty of ordinary care to persons rightfully on a public highway near its tracks, and should be held to have foreseen any injury which might result from its negligence, and therefore, where a derailment injured a person on such highway, the railroad cannot escape liability on the ground that it could not have anticipated that its negligence which caused the wreck would injure the plaintiff.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1251; Dec. Dig. § 363.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by John H. Troutman against the St. Louis & San Francisco Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Andrews, Ball & Streetman and Head, Smith, Hare & Head, for appellant. E. J. Smith and Jno. C. Wall, for appellee.

TALBOT, J. This suit was instituted by the appellee, John H. Troutman, in the district court of Grayson county, Tex., on December 22, 1909, against the appellant for damages for personal injuries sustained by him in the state of Oklahoma. At the time the plaintiff was injured he was standing on a public highway, near appellant's railway, where he had stopped until a freight train on said railway could pass, and, by reason of the negligence of appellant in the way its track was maintained near said crossing, certain cars of said train were derailed and thrown against appellee, breaking his leg and otherwise injuring him. The defenses were a general denial, assumed risk, contributory negligence, and that at the time appellee was injured he was a trespasser, and appellant owed him no duty. The case was tried May 3, 1910, and resulted in a verdict and judgment in favor of plaintiff for $1,500, and the defendant appealed.

The court did not err in refusing to instruct the jury to return a verdict in favor of the defendant. The contention that the evidence showed that the plaintiff was a trespasser on appellant's premises, and therefore appellant owed him no duty save and except the duty not to injure him after he was discovered in a position of peril, is not sustained by the record. On the contrary, we think it very clearly appears that appellee at the time he was injured was not a trespasser on appellant's property, and that it was on all material issues amply sufficient to take the case to the jury. Appellee had been to Hugo in search of work, and, when injured, was returning to

Durant on foot. He had traveled a part of the way on appellant's roadbed and a part of the way on a dirt road. When he reached the public highway or wagon road where the accident occurred, he concluded that he would leave the railroad of appellant, and go into Durant over this wagon road. The wagon road crossed over appellant's road at this point, and appellee, seeing the approach of a train, left the railroad track, and stood on the public dirt or wagon road to let the train pass. He was standing about 10 or 12 feet from the railroad track, and he describes the wreck of the cars and the manner in which he was injured as follows: "I was standing there, and the cars quit the track, but I never saw it in time to get away or anything. It quit the track and the cars came in on the road and just doubled up around there, just scattered all over the road crossing, pieces of the wreck. Parts of the wreck struck me. It was all tumbled up in around me, and I crawled out from under it. As soon as I got to where I knew what I was doing and could see things, I noticed the surroundings there. There were old rotten ties and one stuff and another just thrown around there and pieces of the rails bent around there. The ties seemed to be rotten. Some of them were whole and some of them were torn to pieces. I got hurt. I got my leg broken and also got this hand cut. My thumb here." He further said: "When I was standing there at the crossing waiting for the train to pass, I was on the north side of the railroad. * * * I don't know what car or what part of the car struck me. I did not see it coming towards me. I saw it coming before the wreck. When it came in as a wreck, it was just like a cyclone and bursting all around there. I don't know about how far east of the road crossing the first car left the track. I didn't see it when it left the track. The first I knew after I was struck was I was getting out from under that thing. After I got out from under it, I wasn't in the road. I was inside of the right of way just on the inside of the fence, west of the road." In reference to his intention as to the route he would pursue after reaching the wagon road where he was hurt, he says: "It is not a fact that I intended to walk the railroad track into Durant, and, when the train came up behind, I stepped aside to let the train pass, expecting to follow it on into Durant. I did not expect to follow it into Durant. I expected to go the wagon road into Durant."

The authorities cited by appellant in support of its argument that appellee was a trespasser are not in point. The case which seems to be most strongly relied upon is Railway v. Monday, 49 Ark. 257, 4 S. W. 782, decided by the Supreme Court of the state of Arkansas. In that case the injury complained of was inflicted at a crossing, but, at the time, the injured party, Monday, was walking along the railroad track, and was not intending or attempting to make use of the crossing in passing over the track; and the court in holding that he was a trespasser announced the familiar doctrine that a railway company, having a legal right to a clear track, except at crossings, owes no duty to a trespasser walking on its track from one station to another until his presence is discovered, but was careful to say that, while the injury happened at a crossing, the same was merely an incidental circumstance not affecting the merits, because Monday was hurt by reason of his walking laterally or lengthwise of the track, and not in an attempt to cross the railroad.

[1] In the instant case the appellee when hurt had abandoned the appellant's track, and was standing on a public highway, where he had a lawful right to be, intending, as soon as the train causing his injury passed, to cross the railroad at that point and pursue his journey to Durant over this highway. Clearly, under such circumstances, he was not a trespasser on appellant's property.

[2] Touching the proposition that a railway company could not reasonably anticipate that on account of the defect in its track, such as the one which caused the wreck in question, its train would be derailed and injure a person standing on a highway near its track, it may be said that such a company owes the duty of ordinary care to persons who are rightfully on a public road near its tracks, and should be held to have foreseen or anticipated any probable injury to them which results from its negligence. The evidence is sufficient to justify the conclusion that the derailment which caused appellee's injuries was due to the negligent construction of the appellant's track or to a failure on its part to exercise ordinary care to maintain it in a reasonably safe condition, and that such negligence was the proximate cause of said injuries. These issues were fully and fairly submitted to the jury, and we see no good reason for disturbing their verdict.

The judgment is therefore affirmed.