**TRINITY & B. V. RY. CO. v. BLACK-
SHEAR.**

(Court of Civil Appeals of Texas. Dallas.
Nov. 22, 1913. Rehearing Denied
Dec. 20, 1913.)

1. RAILROADS (§ 396*)—INJURIES NEAR TRACK
— NEGLIGENCE — RES IPSA LOQUITUR DOC-
TRINE.

The res ipsa loquitur doctrine will raise
a presumption of negligence by defendant rail-
road company, where plaintiff while plowing
in his field about 50 feet from the track was
struck by a spike "picked up" by a passing
freight train and thrown with great force into
plaintiff's field.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1341–1343, 1357; Dec. Dig. §
396.*]

2. RAILROADS (§ 364*)—INJURIES NEAR RIGHT
OF WAY—DUTY OF COMPANY.

A railroad company was bound to operate
its train so as not to interfere with plaintiff's
enjoyment of his premises near the right of
way by casting missiles from the train and
injuring plaintiff.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1252, 1253; Dec. Dig. § 364.*]

3. DAMAGES (§ 208*) — JURY QUESTIONS —
TIME OF DAMAGE.

In an action against a railroad company
for injuries by being struck by a spike thrown
by a passing train while plaintiff was in an
adjoining field, whether plaintiff was rendered
unable to sleep on his left side by reason of
the injury, so as to be entitled to damages on
that ground, *held* a jury question.

[Ed. Note.—For other cases, see Damages,
Cent. Dig. §§ 54, 64, 68, 132, 144, 145, 205, 220,
533, 534; Dec. Dig. § 208.*]

4. APPEAL AND ERROR (§ 216*) — INSTRUC-
TIONS—NECESSITY OF REQUEST.

Any error in not limiting the recovery for
loss of time alleged in the petition to have
been lost was one of omission of which
defendant cannot complain, where he did not
ask a special charge correcting such omission,
especially where the evidence did not show that
the damage for loss of time exceeded that
amount, it being unlikely that the award for
that item was greater than shown by the evi-
dence.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 627–641, 660, 662–676;
Dec. Dig. § 216.*]

Appeal from District Court, Hill County,
Horton B. Porter, Judge.

Action by C. M. Blackshear against the
Trinity & Brazos Valley Railway Company.
From a judgment for plaintiff, defendant ap-
peals. Affirmed.

N. H. Lassiter and Robt. Harrison, both of
Ft. Worth, and Morrow & Morrow, of Hills-
boro, for appellant. H. B. Porter and Col-
lins, Cummings & Shurtliff, all of Hillsboro,
and W. F. Ramsey and Chas. L. Black, both
of Austin, for appellee.

RAINEY, C. J. Appellee sued appellant
to recover damages for personal injuries in-
flicted upon him by a train throwing an iron
spike and striking him in the side, breaking
his ribs, causing great suffering, etc. A
trial resulted in a verdict and judgment in
appellee's favor for $6,000, from which this
appeal is prosecuted.

This is the second appeal in this case. On
the former appeal, in which a verdict was
instructed for the railroad, the judgment
was reversed and cause remanded. 131 S. W.
854. The evidence on this appeal is prac-
tically the same as on the former appeal, and
from which we conclude that, as appellee was
plowing in his field adjacent to appellant's
right of way and about 50 feet from the rail-
road track, a passing freight train picked up
a loose iron spike and threw it with great
force into appellee's field, which spike struck
him in the side, breaking his ribs, and caus-
ing him much suffering, loss of time, etc.

[1] The first assignment of error complains
of the court's refusal to give a peremptory
charge to find for appellant. The proposition
submitted under this assignment is: "Before
a plaintiff can recover of a defendant in a
case such as this, in order to show negligence
he must prove that the injury was one which
under the law the defendant must have an-
ticipated as a result of the alleged acts of
negligence." As a test of liability under the
evidence in this case, was it incumbent upon
appellee to show that the accident could have
been reasonably foreseen or anticipated? We
think not. The rule of res ipsa loquitur ap-
plies here. As in a case where a passenger
is injured from a derailment of a train at a
place where the track and train are entirely
under the control of the company, the pre-
sumption of negligence arises. Railway Co. v.
Parks, 97 Tex. 131, 76 S. W. 740; Railway
Co. v. Wood, 63 S. W. 164; Street, Per. In-
juries, § 196; Railway Co. v. Troutman, 138
S. W. 427.

[2] The appellant introduced no evidence
to explain the accident, but there was evi-
dence tending to show the condition of the
track, from which the jury might legiti-
mately infer that a loose spike was on the
track and was thrown by the train. The ap-
pellee, to show liability, was not called upon
to prove negligence on the part of the appel-
lant, as the fact of its train throwing the
spike or missile on the premises of appellee
and injuring him made it liable for all dam-
ages resulting, irrespective of the question of
negligence. Appellee was on his own premis-
es, and, while appellant had the right to
operate its own trains along its tracks, it
was legally bound to so operate them as to
not interfere with appellee's peaceful enjoy-
ment of his premises by throwing thereon
missiles which caused injury to him. Hay v.
Cohoes Co., 2 N. Y. 159, 51 Am. Dec. 279;
St. Peter v. Denison, 58 N. Y. 416, 17 Am.
Rep. 258; Steger v. Barrett, 124 S. W. 174;
Cooley on Torts (1st Ed.) 332.

[3] The court did not err in refusing to
give special charge No. 10, to the effect that
the jury could not allow plaintiff damages
for being unable to sleep on his left side.
Plaintiff alleged and testified as to his being
unable to sleep at night on his left side, by
reason of smothering spells when trying to
sleep on that side. The doctor testified that

he did not think the smothering spells were produced by the injury. Under the state of the evidence, the charge ought not to 'have been given. The court had already withdrawn from the jury the evidence of smothering spells, and, as the evidence on the question of sleeping at night was conflicting, it was for the jury to determine, and it was proper for counsel to argue it to the jury.

[4] Error is predicated upon the charge to the jury which is as follows: "If you find for plaintiff, you will find for him such an amount as you believe from the evidence will be a fair and just compensation in cash for the injuries suffered by him as a direct and proximate result of defendant's negligence, if any negligence there was, taking into consideration only the physical and mental pain, if any, suffered and to be suffered by him, and the amount of time lost by him, if any, from his usual and customary vocation." The allegations claimed in the petition for loss of time was $1,000, and appellant contends the court should have limited a recovery for loss of time to the $1,000, and, as the court did not do this, it was calculated to cause the jury to assess a much higher amount than they otherwise would have done. If this was error, it was one of omission, and appellant should have requested a special charge correcting the omission, and, not having done this, it will not be heard to complain, especially when the evidence does not show the damages for loss of time exceeded that amount. It is not probable the jury allowed damages for loss of time in a greater amount than shown by the evidence. City of Dallas v. Jones, 93 Tex. 38, 49 S. W. 577, 53 S. W. 377; Railway Co. v. Motwiller, 101 Tex. 515, 109 S. W. 918.

Appellant has presented other assignments of error on the questions of "anticipation of accident and negligence," which, in our view of the case, do not affect the liability of the appellant, and what we have heretofore said on these points makes it needless to say more.

Complaint is made that the verdict is excessive. From the nature of the injury, as shown by the evidence, we are not prepared to say the jury were wrong. They had the witnesses before them, and they were in a better position to weigh the evidence than we. Their verdict is not so large as to indicate prejudice or passion, and the judgment will not be disturbed.

The judgment is affirmed.