CITY OF EL PASO v. WILEY. (No. 486.)

(Court of Civil Appeals of Texas. El Paso. Nov. 24, 1915. Rehearing Denied Dec. 16, 1915.)

1. APPEAL AND ERROR ⊚➡1039—LAND—TITLE BY LIMITATION—HARMLESS ERROR.

Where, in an action by the city of El Paso to try title to a strip of ground alleged to be part of a street, the jury found that defendant had acquired title by limitation prior to the taking effect of Rev. St. 1911, § 5683, providing title by adverse possession cannot be acquired to any part of a lot, street, etc., an issue which had been raised as to dedication and record title became immaterial, and the errors assigned in respect to such issues, were rendered harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. ⊚➡1039.]

2. TRIAL ⊚➡296—INSTRUCTIONS—BURDEN OF PROOF—CURE OF ERROR.

On the submission in such action of the issue of limitation, "Do you find from a preponderance of the evidence that defendant * * * has had continuous possession and adverse possession * * * for a period of ten years? * * * *" the requirement with respect to preponderance of the evidence sufficiently imposed the burden of proof on defendant, thereby curing the failure to instruct directly that the burden of proof was upon defendant to establish his title by limitation.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. ⊚➡296.]

3. APPEAL AND ERROR ⊚➡1050—EVIDENCE—HARMLESS ERROR.

The admission of evidence offered by defendant relevant only to an issue not submitted was not reversible error, where it was not apparent that plaintiff was injured by its admission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ⊚➡1050.]

4. ADVERSE POSSESSION ⊚➡7 — GRANT BY STATE—PATENT—FAILURE TO ISSUE—EFFECT.

In an action to try title, it appeared that the state, by an act of the Legislature of 1858, relinquished the premises to a grantee, but the patent therefor was not issued until 1887. Held, that title passed under the former act, so that limitation could begin running against plaintiff; the fact that a formal patent did not issue until the year 1887 being immaterial.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 24–42; Dec. Dig. ⊚➡7.]

5. TRIAL ⊚➡244, 260 — INSTRUCTIONS — REQUESTS—ADVERSE POSSESSION.

In action to try title to land, where the defense was title by limitation, a charge directing the jury to find against defendant on such issue if he absented himself from the property during the period covered by his plea of limitation was rightly refused, where the subject-matter was fully covered by the general charge, and an issue submitted, and the charge requested gave undue prominence to plaintiff's contention that defendant's possession had not been continuous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581, 651–659; Dec. Dig. ⊚➡244, 260.]

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Action by the City of El Paso against W. W. Wiley. Judgment for defendant, and plaintiff appeals. Affirmed.

Jos. M. Nealon, Volney M. Brown, M. W. Stanton, R. C. Walshe, W. B. Ware, and J. H. McBroom, all of El Paso, for appellant. Wallace & Gardner and A. J. Robertson, all of El Paso, for appellee.

HIGGINS, J. This is an action in trespass to try title brought by the city of El Paso against Wiley to recover a tract of land 70 feet wide by 270 feet and 8 inches long, alleged to be a part of Oregon street, in said city, and bounded on the north by Seventh street. The case was tried before a jury, and in response to special issues it was found that the property in controversy had never been dedicated by its owner as a public street or highway; that Wiley had been in peaceable, adverse, and continuous possession thereof for the full period of ten years next prior to July 4, 1887; that prior to said date his possession had never been interrupted or disturbed; and that there was never a time when he was not in possession of same in person or by some one for him. Upon these findings judgment was rendered in defendant's favor.

[1] Various errors assigned relate to the issue of dedication and its acceptance, and of the refusal of the court to peremptorily instruct that the record title was vested in the city. The jury found facts establishing that Wiley acquired title by limitation prior to July 4, 1887, upon which date the act of March 17, 1887 (article 5683, Revised Statutes) became effective. In view of this finding, the whole issue of dedication and of the record title became immaterial and error, if any, in respect thereto, becomes harmless. Hill v. Hoeldke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Steger v. Barrett, 124 S. W. 174. Assignments 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, and 19 are therefore overruled.

[2] Under the tenth and twelfth assignments, it is asserted the court erred in failing to instruct that the burden of proof was upon Wiley to establish his title by limitation.

The court submitted the issue of limitation in these words:

"Do you find from a preponderance of the evidence that the defendant, W. W. Wiley, has had continuous, peaceable, and adverse possession without interruption or break, as same is defined to you above, cultivating, using, and enjoying said premises for a period of ten years to the

date, if any, named by you in answer to question No. 4?"

The requirement with respect to the preponderance of the evidence sufficiently imposed the burden of proof upon defendant. Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963.

[3] The thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and twentieth assignments relate to the action of the court in admitting certain evidence, to wit, a letter written by the assistant city attorney to Wiley in December, 1908, calling his attention to the fact that some months before the city required the building of a sidewalk on 70 feet of his property on Seventh street, the same referring to the north end of the property in controversy, and advising that proceedings would be taken against him in accordance with the charter provisions if he did not construct the sidewalk; also the tax rolls of the city of El Paso for the years 1892–96, showing the assessment by Wiley of the property for taxation by the city and the amount of such taxes; also tax receipts for years 1893–96, showing payment of taxes thereon to the city; also of certain building permits.

Defendant had pleaded an estoppel in bar of a recovery by the city, and this evidence was evidently admitted in support of this plea. No such issue, however, was submitted to the jury and apparently the evidence was irrelevant to any other issue in the case. But it is not apparent that plaintiff was injured by its admission, and it will not operate to reverse the case. Rule 62a (149 S. W. x); Railway Co. v. Hume, 87 Tex. 211, 27 S. W. 110, and other cases cited; 1 Michie, Ency. Dig. 807.

[4] Under the eighteenth assignment it is urged that, inasmuch as the state did not part with its title to the land in controversy until it was patented on May 4, 1887, limitation did not begin to run against the city until that date, and therefore defendant could not have acquired title by limitation prior to July 4, 1887. By an act approved February 11, 1858, the state relinquished all its right and interest in certain premises, of which this is a part, to Juan Maria Ponce de Leon. 4 Gammell's Laws of Texas, 1027. There is therefore no merit in the contention that title did not pass from the state until May 4, 1887. The fact that formal patent did not issue until that date is of no consequence.

[5] The refusal of a special charge upon the issue of limitation is made the basis of the twenty-first assignment. The charge in question directed the jury to find against defendant upon the issue of limitation if he absented himself from the property during the period covered by his plea of limitation. The court in its general charge correctly defined continuous possession, and correctly submitted the issue of limitation. No objection to the language or form of the charge upon the essentials of the plea was urged in the court below or here. There was no necessity for a more complete charge upon the issue of continuity of possession, and to have given the requested charge would have given undue prominence to plaintiff's contention that the possession had not been continuous. It would have been improper to have given the charge, and it was rightly refused. Furthermore, appellant's rights upon this phase of the case were fully protected by the submission of the ninth special issue which reads:

"If defendant, Wiley, was in possession of this property in controversy prior to the 4th day of July, 1887, then was there ever a period of time when he was not in possession of same himself or by some one for him?"

The city could not have desired a better presentation of the issue.

Chief Justice HARPER did not sit in this case.

Affirmed