TEMPLETON v. NORTHERN TEXAS
TRACTION CO. et al.　(No. 9146.)

(Court of Civil Appeals of Texas. Ft. Worth.
Nov. 8, 1919. On Motion for Rehearing, Dec. 20, 1919.)

1. APPEAL AND ERROR ⬤══843(1) — WHERE JUDGMENT IS BASED ON VALID FINDING OF CONTRIBUTORY NEGLIGENCE OTHER ISSUES WILL NOT BE CONSIDERED.

Where a special jury finding that plaintiff was guilty of contributory negligence proximately causing his injury justifies the judgment entered, the verdict and judgment will be sustained on appeal without considering possible errors in other issues submitted to the jury.

2. MUNICIPAL CORPORATIONS ⬤══706(7) — STREET RAILROADS ⬤══117(24) — MOTORCYCLIST'S CONTRIBUTORY NEGLIGENCE QUESTION FOR JURY.

Where plaintiff motorcyclist claims that defendant's truck had forced him to turn into a depression caused by defendant street railway's failure to properly pave near its tracks, thus causing plaintiff's injury, plaintiff's testimony that he could have passed upon the other side of the truck, or that he could have stopped his motorcycle, and that he saw the depression before making the turn, etc., held to make his contributory negligence a jury question.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Percy V. Templeton against the Northern Texas Traction Company and the Vinnedge Coffee Company. Judgment for defendants, and plaintiff appeals. Affirmed, and motion for rehearing overruled.

Templeton & Milam, of Ft. Worth, for appellant.

Capps, Cantey, Hanger & Short, H. T. Cooper, and David B. Trammell, all of Ft. Worth, for appellees.

CONNER, C. J. Percy Templeton, riding south on a motorcycle March 13, 1916, was ascending the north approach to the viaduct or elevated passway over the Texas & Pacific railway tracks in the city of Ft. Worth when he fell and was injured, under circumstances hereinafter detailed. The viaduct is some 50 feet wide, has an ascending grade of about 7 per cent. and is one of the principal passways or lines of travel between the business district and principal residential district in the southern part of the city. The Northern Texas Traction Company operates a double line of street car tracks over the viaduct, thus leaving on each side some 14 or 15 feet between the outer lines of car rails and the curbing to the footpath on the outer sides of the street.

At the time in question, the Vinnedge Coffee Company had an autotruck driven by one of its drivers which was also ascending the viaduct. The truck was some 15 feet in advance of the motorcycle, and both were going at about the rate of six miles an hour. While thus traveling, the driver of the truck suddenly turned to the left, so as to get upon the smooth surface of the street car track, without giving the warning signal as provided for by a city ordinance, whereupon Templeton also turned to the left so as to avoid running into the truck, and in doing so ran into an excavation or washed out space several inches wide and deep along the west rail of the street car track. As the wheel of the motorcycle struck the car rail, it slipped or slid on the car rail and caused the plaintiff, Templeton, to be thrown on the street car tracks, and he was injured thereby. He thereupon instituted this suit for the recovery of damages for his alleged injuries against both the Northern Texas Traction Company and the Vinnedge Coffee Company.

The plaintiff alleged negligence on the part of the coffee company in that the driver of its truck, in suddenly turning to the left without warning, violated the city ordinance referred to. Negligence on the part of the traction company was alleged to consist in the failure to keep its track and 18 inches on each side thereof on a level with the street as required by its charter and a city ordinance. Both grounds of negligence were alleged to be proximate causes of the plaintiff's injuries.

The defendants pleaded a general denial and contributory negligence on plaintiff's part in attempting to cross the street car track at the time and place and in the manner he did, and also in not riding as close as possible to the outer curb of the street as required by a city ordinance.

The cause was submitted upon special issues, in answer to which the jury found that both defendants were guilty of the negligent acts and failures charged by the plaintiff, and that such acts were the proximate causes of the plaintiff's injuries. The jury further found, however, that the plaintiff also was guilty of negligence in both of the particulars charged by the defendants, and that such negligence proximately contributed to his injuries. Upon the return of such a verdict, the court rendered a judgment for the defendants, and the plaintiff has appealed.

The court gave approved charges or definitions of ordinary care, negligence, contributory negligence, and proximate cause, to all of which we find no tenable objection, and hence, without further notice, overrule the several objections made thereto and assignments complaining of the action of the court in refusing special instruction on the subject of proximate cause. The court further submitted the following special issues to which objections are made:

"It is the duty of every person riding or driving along a public highway to exercise ordinary care for his own safety and welfare, and

a failure on his part so to do would be contributory negligence.

"Question 7. Bearing in mind the foregoing, you will state whether or not the plaintiff, in riding his motorcycle in the manner and place where he did ride same, was guilty of negligence as that term is above defined. Answer: Yes.

"Question 8. If you have answered the above question in the affirmative, then you will further state whether or not such negligence, if any, upon the part of the plaintiff, proximately caused or contributed to cause the injuries to him complained of. Answer: Yes.

"An ordinance of the city of Ft. Worth in force and effect at the time of said accident provided that a person riding or driving any vehicle along the streets of said city should, except when passing a vehicle, keep as near the right-hand curb as possible, and a failure to so do would be negligence.

"Question 9. Bearing in mind the foregoing ordinance, you will state whether or not the plaintiff was riding his motorcycle, immediately prior to and at the time of the accident, as near to the right-hand curb as possible. Answer: No.

"Question 10. If you should answer the foregoing question in the negative, then you will further state whether or not such negligence, if any, upon the part of the plaintiff, proximately caused or contributed proximately to cause the injuries to plaintiff as complained of. Answer: Yes."

Appellant made the following objections to questions 7 and 8:

"(A) Same are not warranted by the evidence, in that the evidence shows conclusively that, if the plaintiff was guilty of negligence in failing to observe the ordinance referred to in question 8, such negligence was slight and contributed, if at all, only in an indirect way to the accident and consequent injury.

"(B) That said negligence, if any there was on the part of the plaintiff in failing to observe said ordinance, was made active only by the intervening negligence of the defendants, and hence that plaintiff's negligence, if any, was only a remote cause of the accident and injury."

Appellant made the following further objections to question 10:

"Plaintiff further objects to question 10 because it submits to the jury the issue of plaintiff's contributory negligence as between the plaintiff and the defendant Northern Texas Traction Company, while under the evidence no such issue is raised as between said parties because (A) the undisputed evidence shows that plaintiff was not guilty of such negligence as to said defendant, and (B) that if he was such negligence as to said defendant was not the proximate cause of the accident and did not proximately contribute thereto."

The objections quoted are appropriately presented by assignment and propositions which it will be unnecessary to set and which we will dispose of in a general way as briefly as we may.

[1] It will be observed by a careful scrutiny of the issue quoted and of the objections thereto that the objections in terms relate, as we construe them, exclusively to the issue of negligence submitted in question 8. This question distinctly submitted the issue of whether the plaintiff was riding his motorcycle as near the right-hand curb as possible. If the plaintiff was not, as the court therein instructed the jury, the plaintiff was guilty of negligence, and question 10 merely required the further finding of whether such negligence, if any, upon the part of the plaintiff, proximately caused or contributed to his injury. The issue thus presented, we think, was entirely distinct from the issue presented in question 7. By that question the jury were called upon to determine whether or not the plaintiff was guilty of negligence in riding his motorcycle in the manner and place where he did, irrespective of whether he was guilty of negligence in a failure to ride as near the curb as possible. So that, however well taken may have been the objections to the issues presented in questions 8 and 10, they become immaterial unless we can say that in some way they had prejudicial bearing upon the issue submitted in question 7, and we find no such objection as that made. For if the answer of the jury to the issue of negligence presented in question 7 must be upheld, then it is our duty to sustain the verdict, notwithstanding there may have been error which relates to other issues in the case. We accordingly pretermit a discussion of all objections, assignments, and propositions which relate alone to questions 8, 9, and 10, and proceed to determine whether or not the issue of negligence as submitted in question 7 and determined by the jury is sustained by the record.

[2] By again reverting to the objections quoted, it will be observed, we think, that there is no objection which goes pertinently to special issue 7 as submitted. We have nevertheless examined the evidence with a view of determining whether the answer of the jury to question 7 can be set aside for want of evidence to sustain it, and we have concluded that we cannot do so. We will not undertake to set out the evidence, as it is somewhat voluminous. But the plaintiff's own testimony, and he was the only witness who testified to the immediate occurrences, is to the effect that he was at the time riding some 10 or 15 feet behind the motortruck going at the rate of about 6 miles per hour; that by turning to the right instead of to the left he could have safely passed the truck; that the driver of the truck when he turned to the left toward the car tracks failed to give a signal, he nevertheless saw the truck turn to the left; that he (the plaintiff) could have turned off the power of his motorcycle by a mere turn of his right hand and it would have stopped within ten or twelve feet; that

the motorcycle would also have stopped within the same distance had he thrown out the clutch or applied the brake; that he did not immediately turn to the car track when he observed the driver of the truck turn for the reason that he observed the washed out space along the car track and thought to get beyond it before crossing the track, so accordingly followed immediately behind the truck until the driver made a more abrupt turn across the track, whereupon he (the plaintiff) also abruptly turned to the left, struck the car rail, was thrown to the street, etc.

The plaintiff explains his failure to turn to the right when the driver of the truck turned to the left and his failure to shut off the power of his motorcycle, or throw out the clutch, or apply the brake, by saying that it all happened so instantaneously that he did not have time to think. It was shown, however, that the plaintiff was an experienced operator of a motorcycle, that his machine was in good order at the time, and the jury had an opportunity to observe the plaintiff during the trial, and we think it was all for the jury, and that we would not be authorized to set aside the finding on the ground of an insufficiency of the evidence. This conclusion renders a consideration of several assignments and numerous propositions relating to the other special issues immaterial, for it must be accepted that if the plaintiff was in fact guilty of negligence which proximately contributed to his injury, as found by the jury in answer to question 7, he was not entitled to recover. It is well settled that, in cases where special issues are submitted to the jury, it is enough if they find upon those on which, regardless of what the finding may be on the others, the judgment must stand. O'Brien v. Hilburn, 22 Tex. 616; Rogers v. Driscoll, 59 Tex. Civ. App. 415, 125 S. W. 599; Steger v. Barrett, 58 Tex. Civ. App. 331, 124 S. W. 174; Black v. Feeney, 137 S. W. 1161; Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Furst Edwards & Co. v. St. L. S. W. Ry. Co., 146 S. W. 1024.

It is accordingly ordered that all assignments be overruled, and judgment affirmed.

On Motion for Rehearing.

In discussing plaintiff's evidence on the issue of contributory negligence as presented in special issue No. 7, we noted in the course of our opinion that "the jury had an opportunity to observe the plaintiff during the trial." In this statement we erred, as urged in the motion for rehearing. In so stating, we inadvertently overlooked the introductory statement relating to this witness' testimony wherein it is said that the plaintiff "testified by deposition taken upon oral examination," etc. We therefore correct the error referred to and withdraw the erroneous statement from our opinion. The inaccuracy noted, however, is not regarded as of such material importance as to require of us conclusions other than as given originally, and, after consideration of the motion for rehearing, we see no reason to disturb our original judgment.

The motion for rehearing is, accordingly, overruled.