TEXAS & P. RY. CO. v. ERWIN.   (No. 1527.)

(Court of Civil Appeals of Texas.   Texarkana. Dec. 12, 1915.   Rehearing Denied Dec. 16, 1915.)

1. DAMAGES ⬳69—INJURY TO SHIPMENT OF STOCK—INTEREST.

A shipper recovering for damages to stock is entitled to recover interest from the date of the damage as a part of his compensatory damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 137–140; Dec. Dig. ⬳69.]

2. TRIAL ⬳362—SPECIAL FINDINGS — INJURY TO STOCK—DAMAGES.

In a shipper's action for damages for injury to stock, where the jury, in answer to interrogatories, found the items of damage, but there was no request that the court submit the issue of the amount of damages recoverable, the court had a right to find that fact itself from the items fixed by the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 865–868; Dec. Dig. ⬳362.]

3. COSTS ⬳260—APPEAL FOR DELAY.

Where the question raised by appellant was so well settled that there was no reasonable ground for the appeal, the court, affirming it, would assess 10 per cent. damages.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. ⬳260.]

Appeal from Fannin County Court; S. F. Leslie, Judge.

Action by L. E. Erwin against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Head, Dillard, Smith, Maxey & Head and J. F. Holt, all of Sherman, for appellant. J. M. Baldwin, of Honey Grove, and J. W. Gross, of Bonham, for appellee.

HODGES, J.   This appeal is from a judgment in favor of the appellee against the appellant for damages to a shipment of cattle. In his petition the appellee asked for dam-

ages in the sum of $860, together with interest at the rate of 6 per cent. per annum from the 1st day of January, 1914. The recitals in the following judgment furnish all the facts necessary to be considered in passing upon the questions presented on this appeal:

"Court in session this April 21, 1915. When the above entitled and numbered cause came on for trial, both parties announced ready; whereupon came a jury of good and lawful men, to wit, J. J. Pritchett and five others, who, after being duly impaneled and sworn, and after hearing the evidence and argument of counsel, and having received the court's charge submitting the cause on special issues, retired to consider their verdict, and afterwards returned into open court their answers to the questions submitted as follows:

"Q. 1. Was defendant, or its connecting carriers, negligent in transporting said shipment of cattle from Honey Grove, Tex., to Okemah, Okla.? A. Yes. Q. 2. If you answer question No. 1 in the affirmative, then you are asked the following: Were the 32 head of cattle that were delivered at point of destination injured in value by such negligence of defendant, or any of its connecting carriers? A. Yes. Q. 3. If you answer question No. 2 in the affirmative, then you are asked: (a) What was the cash market value of the 32 head of cattle at the point of destination at the time of their arrival there in the condition in which they did arrive? (b) What would have been the cash market value of said 32 head of cattle at such time and place in the condition in which they should have arrived, except for such negligence? A. We answer to first part (a), $1,600. We answer to second part (b), $1,760. Q. 4. Was the death of the three head of cattle which died in transit caused by the negligence of the defendant, or its connecting carriers? A. For the two of them—not for the one found dead in car at Sherman. Q. 5. If you answer question No. 4 in the affirmative, then you are asked: What would have been the cash market value of said three head of cattle at destination at time they should have arrived there? A. $90 for the two. Q. 6. Was the animal left at Weleetka, Okla., injured by the negligence of the defendant or its connecting carriers? A. Yes. Q. 7. If you answer question No. 7 [6] in the affirmative, then you are asked: What would have been the cash market value of said animal at destination at the time it should have arrived there? A. $45. Q. 8. Were any of the injuries to said animals caused by the different ages and conditions of said animals so shipped in said car being loaded together in the car? A. Yes. Q. 9. If you answer question No. 9 [8] in the affirmative, then you are asked: What amount of such injuries was caused thereby? A. $45 for one found dead in Sherman.

"It is therefore ordered, adjudged, and decreed by the court that plaintiff, L. E. Erwin, do have and recover of and from the defendant, Texas & Pacific Railway Company, a corporation, the principal sum of $295, together with 6 per cent. per annum interest on said amount from January 4, 1914, to date of judgment amounting to $23.35, and all costs of suit, for all of which let execution issue."

Before the adjournment of the court the appellant filed a motion to reform the judgment by eliminating that provision which allowed interest at the rate of 6 per cent. per annum from January 4, 1914, and making the judgment bear interest from its date only. It is contended that the judgment rendered was not authorized by the verdict or by law.

[1] It will be observed that the questions propounded to the jury required them to find only the value of the injuries at the time they were inflicted. This was not the measure of all the damages the appellee was entitled to recover. Interest may be allowed in such cases as a part of the compensation to the injured party. Watkins v. Junker, 90 Tex. 587, 40 S. W. 11; M. K. & T. Ry. Co. v. Gray, 160 S. W. 435.

[2] There does not appear to have been any request that the court submit to the jury the issue as to what amount of damages the appellee was entitled to recover. The court therefore had a right to find that fact himself.

[3] Counsel for the appellee have suggested that this appeal is for delay, and have asked for 10 per cent. damages. The question raised in this court has been so well settled that it does not seem that there was any reasonable grounds for the appeal.

The judgment will therefore be affirmed with damages.