### TEXAS ELECTRIC RAILWAY COMPANY v. G. S. GREENHILL.

No. 3570.  Decided February 14, 1923.

(247 S. W., 840.)

**Amount in Controversy—Interest as Damages.**

Plaintiff's action, commenced in Justice Court, as shown by the record—the citation—was for damages for negligently killing stock, of value of $95, "for which sum he alleges defendant is liable," with prayer for damages, interest and costs, and for general relief. Held that the recovery sought was limited to the sum so named, interest *eo nomine* being recoverable only from the date of the judgment; and that the amount in controversy was insufficient to give the Court of Civil Appeals jurisdiction. Pecos & N. T. Ry. Co. v. Rayzor, 106 Texas, 518, followed. (pp. 421, 422).

Question certified from the Court of Civil Appeals for the Fifth District, in an appeal from the County Court of Hill County.

The Supreme Court referred the question to the Commission of Appeals, Section A, for their opinion, and the same, being approved, is certified as the answer to the question.

*Templeton, Beall, Williams & Worsham, and Wear, Wood & Wear,* for appellant, cited: Gulf, W. T. & P. Ry. Co. v. Fromme, 98 Texas, 459; Shulz v. Tessman, 92 Texas, 488; San Antonio & A. P. Ry. Co. v. Timon, 110 S. W., 83; Ft. Worth & D. C. Ry. Co. v. Greathouse, 82 Texas, 104; International & G. N. Ry. Co. v. Perkins, 184 S. W., 725; Pecos & N. T. Ry. Co. v. Faulkner, 118 S. W., 747; International & G. N. Ry. Co. v. Lyon, 243 S. W., 973; Railway Co. v. Matthews, 191 S. W., 559; Hooper Lumb. Co. v. Texas Fixture Co., 111 Texas, 168; Wichita Val. Ry. Co. v. Marshall, 245 S. W., 271.

*John D. Abney,* for appellee.

This having been a suit to recover damages for stock killed by the appellant, a railway company, and the amount of the recovery being limited by the value of the animal killed, without interest thereon

from date of destruction, which appellee alleged to be $95.00, said sum of $95.00 was the greatest amount that could be recovered in any event, and the request for interest made at the close of the prayer, is to be either rejected as surplusage, or else be construed as asking for interest after judgment. Vernon's Sayles' Texas Civil Statutes of 1914, Article 6603; St. Louis, B. & M. Ry., Co., v. Knowles, 171 S. W., 245; St. Louis S. W. Ry. Co., of Texas v. Post, 220 S. W., 129; St. Louis S. W. Ry. Co. v. Chambliss, 93 Texas, 62; St. Louis S. W. Ry. Co., of Texas v. Guthrie, 103 S. W., 211.

The petition of appellee, Greenhill, having laid his damages at $95.00 the prayer for interest was a prayer for interest upon the judgment and not upon the amount of the damages. Pecos & N. T. Ry. Co., v. Rayzor, 106 Texas, 544; C. R. I & G. Ry. Co. v. Whaley, 177 S. W., 543; Atchison, T. & S. F. Ry. Co. v. Dawson, 90 S. W., 65.

Appellee's petition having stated the total amount of his damages as $95.00, and having alleged that sum as the amount for which the defendant was liable, his recovery was limited to such amount, and he could in no event have recovered a sum in excess of $95.00. San Antonio & A. P. Ry. Co. v. Addison, 96 Texas, p. 61; Southern Gas and Gasoline Engine Co., v. Adams, 227 S. W., 945; Western Union Tel. Co. v. Garner, 83 S. W., 433; St. L. S. W. Ry. Co., v. Guthrie, 103 S. W., 211; M. K. & T. Ry. Co. of Texas, v. Dawson, 84 S. W., 298; Ft. W. and R. G. Ry. Co., v. Brown, 101 S. W., 266; Ann. Cas. 1912A (Volume 22, page 1225).

MR. JUDGE RANDOLPH delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals has filed with the Supreme Court the following statement and certified question, which has been referred to this section for consideration:

"Appellee sued appellant in the Justice of Peace's Court of Hill County to recover damages for the alleged negligent killing an animal by appellant which belonged to appellee. The record contains no pleading except the citation issued in the Justice Court which plaintiff adopted as his pleading. In this citation appellee alleged the acts of negligence relied upon as proximately causing the death of the animal and immediately preceding the prayer is this allegation: 'Plaintiff alleges that the fair, reasonable cash market value of said heifer at the time and place of her death was $95.00, for which sum he alleges that defendant is liable.' There is no other allegation of the amount of damage. The prayer, however, is as follows: 'Wherefore, plaintiff prays for his damages, interest, all costs, and for all other relief, general and special, legal and equitable, to which he may show himself entitled.'

"The suit was filed on February 26, 1920. The cause of action

arose on October 18, 1919. A trial in the Justice of Peace's Court resulted in a judgment for appellant, defendant there. Appellee appealed to the County Court, where the cause was tried on October 29, 1920, resulting in a judgment against appellant in appellee's favor for $75.00, with interest from the date of the judgment.

"Appellant prosecuted its appeal to this court and we dismissed the appeal on the ground that the amount in controversy was below the jurisdiction of the court. We took this view because the allegation in the citation was that appellant was liable to appellee for $95.00, there being no other allegation of amount; and also because, even if the prayer of the petition should be construed as making interest a part of the damages determining the amount in controversy, yet by calculation, interest at 6% from the date the alleged cause of action arose until the date of filing the suit, added to the $95.00 would not make a sum in excess of $100.00, and there being no language in the prayer fairly indicating that interest to accrue between the date of filing and the date of trial was sought as damages, but that the prayer was for damages which had already accrued, we considered that under any possible construction we had no jurisdiction.

"Appellant has filed its motion requesting that we certify to the Supreme Court the question of whether or not our construction of the pleadings with reference to the allegation of amount in controversy is correct, appellant contending that our judgment dismissing this cause is in direct conflict with the decisions of the Supreme Court in the following cases: Railway Co. v. Fromme, 84 Texas, 459, and Railway Co. v. Greathouse, 82 Texas, 104, and also in direct conflict with the opinion of the Court of Civil Appeals in Railway Co. v. Perkins, 184 S. W., 725, and the opinion of the Court of Civil Appeals in Railway Co. v. Timon, 110 S. W., 63.

"Not being satisfied that our ruling is not in conflict with the above named opinions of the Supreme Court and also in conflict with the opinions of the Courts of Civil Appeals above referred to, we deem it proper to certify for your decision the following question:

"Question: Does plaintiff's pleading state an amount within the appellate jurisdiction of this court?

"Briefs of both parties are herewith presented for the benefit of the court as more fully setting forth the issue."

Questions involving the construction of the constitutional provisions defining the county and justice court jurisdictions, caused by the use of the expression "exclusive of interest" have been adjudicated in a great many cases by our Supreme Court. It is impossible to analyze or differentiate these various decisions within the limits of an opinion of reasonable length, hence we will make no effort to do so, but still state our conclusions and cite some of the authorities upon which we base them.

The citation in this cause, which it is agreed presents the pleadings

in the case in justice court, only asks for recovery of the sum of $95.00. In this named amount every element of damages sustained by plaintiff is presumed to be stated, including interest as damages. Under the circumstances in this case he was not entitled to recover interest eo nominee, until after judgment, but was confined to such sum claimed by him. He is presumed to have laid this amount as his full compensation. San Antonio & A. P. Ry. Co. v. Addison, 96 Texas, 61, 70 S. W., 200; Southern Gas & G. Engine Co. v. Adams, 227 S. W., 945; International & G. N. Ry. Co. v. Lyon, 243 S. W., 973.

It is true the plaintiff's prayer, as set out in the citation, asks for interest. However, as he was not entitled to interest by that name prior to judgment, such prayer for interest is clearly referable only to his right to recover same after judgment, and upon the judgment. Pecos & N. T. Ry. Co. v. Rayzor, 106 Texas, 548.

We therefore recommend to the Supreme Court that the question asked by the Court of Civil Appeals be answered in the negative.

## BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.