**CITY OF WELLINGTON v. BROOKS et al.**
**(No. 2207.)**

(Court of Civil Appeals of Texas. Amarillo. Nov. 21, 1923.)

**1. Pleading ⊝⇒72—Complaint against two defendants held to contain prayer for relief against both.**

Where, in an action against a city and a power company for conversion of transformers, plaintiff alleged the value of the transformers to be a certain amount, for which sum he alleged he was entitled to recover from defendant power company in the event possession of the transformers could not be recovered, and then prayed for judgment for their possession and of costs of suit, or, in the alternative, for the value of said transformers "as above alleged," held the phrase "as above alleged" referred to the value of the transformers.

**2. Replevin ⊝⇒79—Interest only recoverable as damages.**

In an action to recover property alleged to have been converted, or, in the alternative, its value, interest eo nomine is not allowed; plaintiff being bound to so plead his damages as to include interest.

**3. Sales ⊝⇒149—Bill of sale held to include property of third person.**

A bill of sale by a power company to a city covering all electric light and power lines, all tools, equipment, and supplies, held to have included, as a necessary part of equipment or as an appliance, private transformers installed by a third person on a light pole near his elevator.

**4. Indemnity ⊝⇒13(1) — Buyer held to have right against seller because of payment to third person.**

Where, at the time a municipality purchased from a power company the latter's business, the city did not know of plaintiff's claim of ownership of certain transformers embraced in the power company's bill of sale, the power company was liable to the municipality for such sums as the municipality was compelled to pay out upon a judgment recovered against it by plaintiff in an action for conversion.

Appeal from Collingsworth County Court; R. H. Templeton, Judge.

Action by J. L. Brooks and others against the City of Wellington and the Wellington Power & Light Company, in which defendant city filed a cross-action against the power company. Judgment for plaintiff as against the city, and in favor of the power company as against plaintiff and defendant city's cross-action, and the city appeals. Reversed in part and rendered.

Jas. C. Mahan, of Wellington, for appellant.

Cocke & Gribble, of Wellington, for appellees.

RANDOLPH, J. Brooks sued the Wellington Power & Light Company and the city of Wellington, in the county court of Collingsworth county, for two transformers, and in the alternative for their value. By cross-action the city of Wellington sought judgment over against the power and light company. Judgment was rendered in favor of plaintiff on his cause of action against the city, and in favor of the power and light company as to plaintiff's cause of action and also as to the city's cross-action. The city thereupon appealed to this court.

Brooks, who was in the grain business, and engaged in operating an elevator, bought two transformers from the power and light company and had them installed on a light pole near his elevator. These transformers were used by Brooks in connection with the

power line of the company in operating his elevator. The company sold to the city of Wellington—

"all electric light and power lines belonging to said company in Collingsworth county; all stock, supplies, equipment, appliances, tools and furniture used by said Wellington Power & Light Company in connection with the operation of its plant in said city of Wellington, including the franchises heretofore granted by the city to said company."

At the time of the purchase by the city it had no notice of any claim of ownership by Brooks to the transformers, and it held and claimed them under and by virtue of the bill of sale from the company.

The appellant attacks the judgment of the trial court because it was not authorized by the pleadings, (1) as to any money judgment against it; and (2) as to the recovery of the interest.

[1, 2] In his statement of his cause of action, after stating the facts relied on by him, Brooks alleges the value of the transformers to be the sum of $450, and says:

"For which sum this plaintiff is entitled to recover of and from the defendant, the Wellington Power & Light Company in the event the possession of said property cannot be recovered herein."

Plaintiff then prays for judgment for the possession of the transformers and all costs of suit; or, in the alternative, for the value of said transformers, "as above alleged." Appellant alleges that the words "as above alleged" refer to the statement that plaintiff is entitled to recover against the power and light company, and hence that there is no prayer, either special or general, seeking to recover against the city. We do not so understand the language of the prayer. "As above alleged" refers to the value of the transformers.

[3] In this class of actions interest is not allowed by that name. Plaintiff, by his claim for $450 has included his whole claim of damage by conversion. He is charged with having so pleaded his damages as to include interest; hence interest as such was not recoverable. Baker v. Smelser, 88 Tex. 28, 29 S. W. 377, 33 L. R. A. 163; S. A. & A. P. Ry. Co. v. Addison, 96 Tex. 64, 70 S. W. 200; Texas Electric Co. v. Greenhill, 112 Tex. 419, 247 S. W. 841.

[4] The trial court should have granted the city a judgment over and against the power and light company for such sums as it had to pay out upon the judgment against it. The company, in its bill of sale to the city, included "all electric light and power lines, * * * all tools, equipment, supplies and stock * * * except certain personal property pointed out to the mayor." The evidence discloses that these transformers were never pointed out to the mayor as coming within the exception, and the city had no notice of any kind of any claim of ownership of the transformers by Brooks.

A transformer is essential to the operation of an electric power line, and in regulating the voltage and current transmitted over said line. As a necessary part of the "equipment" or as an "appliance" used in the operation of the power lines they were included in the bill of sale.

We therefore conclude that the judgment in this cause should be reversed and rendered; that plaintiff Brooks recover judgment against the appellant, the city of Wellington, for the two transformers and, in the alternative, that he have judgment against the city of Wellington for the sum of $343.25, together with interest from this date upon said sum, at the rate of 6 per cent. per annum, and all costs of suit incurred in the trial court, and that costs of this appeal be adjudged against the appellees J. L. Brooks and the Wellington Power & Light Company, and that, as to all amounts paid out on the judgment against it in appellee Brooks' favor, the appellant have and recover judgment over against appellee, the Wellington Power & Light Company, and that writ of execution, as provided by law, be issued out of the trial court in favor of the parties entitled thereto.