## CHICAGO, R. I. & G. RY. CO. v. TRINITY VALLEY PRODUCE CO. (No. 119.)

(Court of Civil Appeals of Texas. Waco. March 5, 1925. On Motion for Rehearing, April 2, 1925.)

1. **Appeal and error ⬅⟞500(2)—Exceptions not shown to have been acted on not reviewed.**

Under district court rule 53, exceptions to petition cannot be reviewed, unless judgment shows they were acted on by trial court.

2. **Damages ⬅⟞188(2)—Railroads ⬅⟞482(3) —Finding as to responsibility for fire and value of property destroyed held supported by testimony.**

Testimony held sufficient to support findings as to value of property destroyed by fire and fact that defendant railroad's agents started it.

3. **Railroads ⬅⟞457—Responsible for spread of fire started by employees.**

Railroad company is responsible for destruction of property of others by fire started by its employees on its premises and spreading therefrom.

4. **Trial ⬅⟞362—Court, submitting issue of amount of damages by fire, cannot add interest from date of loss.**

Where jury is authorized to find amount of damage by fire, not merely value of property destroyed, court cannot supplement finding by adding interest from date of destruction.

Error from Dallas County Court; Frank G. Harmon, Judge.

Action by the Trinity Valley Produce Company against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant brings error. Reformed and affirmed, on condition of remittitur.

Phillips, Townsend & Porter, and Martin B. Winfrey, all of Dallas, for plaintiff in error.

Wilson & Biggers, of Dallas, for defendant in error.

BARCUS, J. This cause is before us on motion for rehearing. The opinion heretofore written is withdrawn and this is filed as the opinion of the court.

At a former day this cause was dismissed for want of jurisdiction. Plaintiff in error filed its motion, asking for certiorari to the trial court to perfect the record in order to show that the court has jurisdiction. The motion was granted and the additional records of the trial court have been filed in this

---

⬅⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

court, which show that this court has jurisdiction of this cause, and we therefore grant plaintiff in error's motion to reinstate the cause, and we will now consider the record and briefs of parties as filed.

This suit was filed by defendant in error in the justice court against plaintiff in error for $175. The parties will be styled here as in the trial court. Plaintiff claimed that its barn, grass, and hay were destroyed by a fire negligently started by the agents of defendant. The cause was tried to a jury and submitted on special issues, and resulted in a judgment for plaintiff for $150; the amount found by the jury to be the damage occasioned by the burning of the barn.

[1] Defendant assigns error by reason of the trial court having overruled certain special exceptions urged by it against plaintiff's petition. The judgment does not show the exceptions were called to the attention of or any action by the trial court. Unless the judgment shows the exceptions were acted on by the trial court, same cannot be reviewed by the appellate court. Rule 53 for District Courts; St. L. & S. F. R. Co. v. Cartwright (Tex. Civ. App.) 151 S. W. 630; Hall v. Williams & Ellis, recently decided by this court, 267 S. W. 520.

[2, 3] Defendant requested the trial court to give a peremptory instruction to find for it, claiming there was no testimony offered showing the value of the property destroyed or that the agents of the defendant started the fire, and, for the same reasons, claim the verdict of the jury should be set aside. The witness Wofford testified that the property destroyed belonged to plaintiff; that the employees of the Rock Island Railway were burning ties on the right of way; and that the fire started on the north side of the track and spread to the north. He further testified that the barn which was burned was about 12x14 feet in size, in a fair condition, and that, based on his own knowledge, he placed the value at $150; that he arrived at the value by knowing what it cost three years previous; that it cost $250 or $300. We think the testimony was sufficient to support the findings of the jury. Where a fire is started by the employees of the railway company and spreads from the railway property and destroys property of other parties, the railway company is responsible. St. L. S. W. Ry. Co. v. Anderson (Tex. Civ. App.) 173 S. W. 908.

[4] Defendant complains of the trial court having rendered judgment for interest from December 7, 1916, the date of the injury. We sustain this assignment. The question submitted by the trial court was:

"What amount of damages, if any, did the plaintiffs sustain by reason of the fire on their premises?"

The jury answered: "$150 for barn," and on said verdict the trial court entered judgment for $150, with interest from December 7, 1916, the date of the fire.

In this class of cases, interest is recoverable only as damages. P. & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; T. E. Ry. Co. v. Greenhill, 112 Tex. 419, 247 S. W. 840. Where the jury is instructed to ascertain by their verdict the value of the property destroyed at the time of destruction, the court has a right to add interest from the time of its destruction. T. & P. Ry. Co. v. Erwin (Tex. Civ. App.) 180 S. W. 662; S. A. & A. P. Ry. Co. v. Sutherland (Tex. Civ. App.) 199 S. W. 521; Steger v. Barrett, 58 Tex. Civ. App. 331, 124 S. W. 174. Where, however, the question is submitted authorizing the jury to find the amount of damage, the verdict of the jury is presumed to contain all the damages suffered by plaintiff to the time the verdict is rendered, and the court is not permitted to supplement the jury's finding by adding thereto interest from the date of the destruction of the property. Schaff v. Lynn (Tex. Civ. App.) 238 S. W. 1035.

By reason of the trial court having rendered judgment for interest, same is reversed and remanded.

If appellee, within 15 days, files a remittitur of the interest on the $150 judgment from December 7, 1916, to May 24, 1922, the date of judgment in the trial court, same will be reformed and affirmed for $150, with interest from said date.

On Motion for Rehearing.

At a former day of this term of court the judgment of the trial court in this cause was reversed and the cause remanded, because the trial court rendered judgment for interest on the $150 verdict of the jury from December 7, 1916, to May 24, 1922. The defendant in error has filed a remittitur of said interest, and asks that the judgment of the trial court be reformed by eliminating the item of interest, and as reformed, affirmed. The item of interest embraced in the judgment being the only reason why same was reversed, the motion of defendant in error is granted. The judgment of the trial court is here reformed and judgment is here entered for defendant in error, Trinity Valley Produce Company, a corporation, against the plaintiff in error, Chicago, Rock Island & Gulf Railway Company, a corporation, for the sum of $150, with interest at 6 per cent. per annum from May 24, 1922, the date of the judgment in the trial court. Defendant in error to pay all costs in this court.

Judgment of the trial court reformed and affirmed.