**BROOKS SUPPLY CO. v. FIRST STATE BANK OF ELECTRA et al. (No. 474.)**

(Court of Civil Appeals of Texas.    Waco.
Feb. 18, 1927.    On Rehearing
March 24, 1927.)

1. Judgment 253(2), 256(7)—Adding interest on value of converted drilling rig which had accrued prior to date of judgment held unauthorized by pleadings or findings.

In action by bank for conversion of drilling rig on which it had a mortgage, awarding interest to plaintiff on amount which jury found drilling rig was worth, which interest had accrued prior to date of judgment, *held* unauthorized either by pleadings or findings of jury.

2. Damages 69—Interest is recoverable for tort only as portion of damages.

Interest in a suit for tort is not recoverable eo nomine, but is recoverable, if at all, only as portion of the damages.

3. Chattel mortgages 229(3)—Judgment 253(1)—Judgment for market value of accessories to converted drilling rig held unauthorized by pleadings and evidence.

In mortgagee's action for conversion of drilling rig, awarding judgment for market value of certain accessories not shown to have been received by defendant *held* unauthorized under pleadings and evidence.

4. Chattel mortgages 229(3)—Evidence held not to show that defendant converting drilling rig received more than 1,500 feet of drill pipe.

In mortgagee's action for conversion of drilling rig and accessories, evidence *held* not to show that defendant received more than 1,500 feet of drill pipe.

5. Chattel mortgages 229(1)—Judgment authorizing recovery for market value of "bushing" held erroneous, as authorizing double recovery for conversion of drilling rig.

In mortgagee's action for conversion of drilling rig and accessories, judgment authorizing recovery for value of "bushing" part of a "rotary" *held* erroneous, as authorizing double recovery, where mortgagee was also awarded value of the rotary.

6. Chattel mortgages 229(3)—Evidence held not to authorize award of $50 for value of converted "crown block."

In mortgagee's action for conversion of drilling rig and accessories, evidence *held* not to authorize award of $50 as market value of "crown block" which did not, under evidence, exceed $40.

Appeal from District Court, Limestone County; J. R. Bell, Judge.

Action by the First State Bank of Electra against E. L. Gallinger and others, in which the defendant E. L. Gallinger filed a cross-action against other defendants, and defendant Brooks Supply Company filed a cross-action against J. N. Groesbeck. From the judgment, the defendant Brooks Supply Company appeals. Judgment reformed, and rendered in part, and affirmed in part.

King & Jackson, J. E. & B. L. Bradley, and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for appellant.

I. W. Keys, of Mexia, for appellees.

BARCUS, J.    The First State Bank of Electra, hereafter called bank, filed this suit against E. L. Gallinger, J. N. Groesbeck, and appellant Brooks Supply Company, a corporation, seeking judgment on a note for $2,500, with interest and attorney's fees, which Gallinger had executed to it, and alleged that it had a mortgage on "one complete Lucey special drilling rig, with 2,200 feet of drill pipe and tool joints," and that the defendants had converted said property to their use and benefit and by reason thereof each of them was liable. Gallinger answered, admitting the execution of the note and mortgage, and, by way of cross-action against his codefendants Groesbeck and Brooks Supply Company, alleged that they had converted the property to their use and benefit, and prayed for judgment over against them for his damages, and prayed that after the bank's debt was satisfied the remainder be paid to him. Groesbeck filed a general demurrer and general denial. Appellant, Brooks Supply Company, filed a general demurrer, special exceptions, general denial, and specially pleaded that it had purchased from Groesbeck for value without any notice of said mortgage, and, in the event judgment was rendered against it, asked for judgment against Groesbeck. The cause was tried to a jury, submitted on special issues, and resulted in a judgment being rendered against appellant for $6,275.95 and in favor of the bank for $3,933.63, same to be paid out of the amount awarded to Gallinger, and in favor of Brooks Supply Company against Groesbeck for any sum it was required to pay. Brooks Supply Company alone has appealed.

Appellant complains of the action of the trial court in overruling its general demurrer and special exceptions to the cross-action filed against it by Gallinger for conversion of the property. It also contends that the description of the property in the mortgage held by appellee bank was not sufficient to identify same. These identical questions were raised with reference thereto on the former appeal of this case (279 S. W. 524), and we there held against appellant's contentions on said issues. The pleadings and evidence relative thereto are the same. We see no reason for changing that part of our former opinion and appellant's assignments raising these issues are overruled.

[1] Appellant complains of the action of the trial court in awarding interest to appellees on the amount which the jury found

the drilling rig was worth. We sustain this assignment. The cause was submitted to the jury, and it found the market value of the respective parts constituting the drilling rig at the date same was converted by appellant, and the court added thereto $1,206.65 as interest that had accrued prior to the date of judgment.

[2] It is a well-established principle of law that interest in a suit for tort is not recoverable eo nomine, but is recoverable, if at all, only as a portion of the damages. In order to recover interest as damages, the pleadings must support same, and where the cause is tried to a jury said question should be passed on by it. Appellee Gallinger in his cross-action against appellant alleged that appellant had converted the drilling rig to its use and benefit, and that by reason thereof he had sustained damages in the sum of $9,000, and he prayed "for judgment for $9,000, interest and costs, and for general and special relief." There was no issue with reference to appellees' right to recover interest submitted to the jury. Gallinger in his pleadings did not ask for interest from the date of the conversion. His cross-action was filed March 10, 1924, and he alleged the property had been converted on June 28, 1922. He alleges his damages were $9,000, for which he prayed judgment, with interest. Our Supreme Court has in a number of cases construed pleadings very similar to this to mean that the interest was only asked for from the date judgment was rendered, and not from the time the cause of action accrued; and in the same cases the Supreme Court has held that interest is recoverable only as an item of damage and that, where the cause is submitted to a jury, it is a question for the jury alone to determine. Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Texas Electric Ry. v. Greenhill, 112 Tex. 419, 247 S. W. 840; St. L. S. W. Ry. Co. v. Seale & Jones (Tex. Com. App.) 267 S. W. 676; Wichita Valley Ry. Co. v. Brown (Tex. Civ. App.) 274 S. W. 305 (writ dismissed); Standard Accident Ins. Co. v. Stanaland (Tex. Civ. App.) 285 S. W. 878 (writ refused). We do not think the court was authorized, either by the pleadings or by the findings of the jury, to render judgment for the interest that accrued before the cause was tried.

[3] Appellant complains of the action of the trial court in rendering judgment for the market value as found by the jury of the following items: Cones, $100; 400 feet two-inch pipe, $70; steam gauge, $10; pop-off valve, $10; overshot fishing tool, $175; pipe overshot fishing tool, $35; one water pump, $20; one water pump, $30; rotary hose, $50; manifold, $25; and drill collar, $35; totaling $560.00—because none of said items are supported by the pleadings, and because it is not shown that appellant at any time received any of said items. We sustain these assignments. Gallinger in his pleadings alleged that the drilling rig which had been converted by appellant consisted of approximately 2,200 feet of drill pipe, draw works, rotary slips, bushings, Hill tong, Eureka tong, mudhog pump, Lucey special pump, Acme boiler, Ajax engine, hoops, drill line, suction pipe, Huges roller bit, 3 boxes extra bits, Moon generator, elevators, 16-inch tongs, brake band linings, Kelly joint, traveling block, crown block, boiler, and all small fittings belonging thereto. The record shows that this list is an exact copy of the items as described in the bill of sale which appellant received from Groesbeck at the time it purchased the drilling rig in question, except the bill of sale states "drill pipe" and the pleadings state "approximately 2,200 feet of drill pipe." None of the items above complained of are embraced in said list or in said bill of sale, unless it could be said that they were embraced in the phrase, "and all small fittings belonging thereto." We do not think said items could be construed as embraced under said phrase. In addition, there is no evidence that appellant received any of said items. Appellee Gallinger testified that "there was a number of small fittings and attachments that belonged to the rig and used with it that were not listed in the bill of sale," and then describes the items above mentioned as some of the small fittings, but neither he nor any other witness testified that appellant received same. J. M. Hacker, who purchased and received the drilling rig for appellant as its agent, testified that they listed all the items which he purchased for appellant, and that the phrase, "all small fittings belonging thereto," meant and included pipe fitting, elbows, small valves, and such fittings used in making connections, and that the total value thereof would not exceed $10, and that they were of no value when offered for sale separately, and that their value was embraced in the articles as listed.

[4] Appellant complains of the finding of the jury that it received 2,200 feet of drill pipe. It contends that under the most favorable testimony for appellee the jury could not have found that it received more than 1,500 feet, and that by reason thereof there should be deducted from the judgment $180.45, the value of the extra 700 feet as found by the jury. We sustain this assignment. The bill of sale which was given to appellant at the time it purchased the drilling rig described it as drill pipe, without giving the amount thereof. The only two witnesses who testified with reference to the amount of the drill pipe that was delivered to the Brooks Supply Company was Hacker, the party who purchased and received the property for appellant, and he testified there was between 1,000 and 1,500 feet of drill pipe, and Brooks, the president of appellant, testified that there was about 1,000 feet, and that

same could not have exceeded 1,500 feet. There is no evidence in the record that in any way tends to support the jury's finding that appellant received more than 1,500 feet. Gallinger testified that he originally had 2,200 feet of drill pipe and afterward bought 2,000 feet more. The record shows that some months before appellant purchased the drilling rig it had been, without Gallinger's knowledge or consent, taken down and carried off of the land where the same was being operated, and piled at a blacksmith shop, where it had been attached in another lawsuit, and where it had remained until the Brooks Supply Company purchased same from Groesbeck, who claimed to be the owner thereof. Gallinger testified he left the rig on the Hughes lease, and did not know who moved it or tore it down, and did not know what was at the blacksmith shop. As to whether all of the pipe or all of the fixtures or parts belonging to the drilling rig were at the blacksmith shop originally, or as to whether the Brooks Supply Company received all of the parts and pipe that had been used therewith, the record is absolutely silent. The only portions thereof that appellant was in any way connected with or received were the items embraced in the bill of sale which was given to it. The party who received the portions of the drilling rig at the time it was loaded on the cars in Mexia and the party who received it at Beaumont, the place to which it was shipped, testified that there was not more than 1,500 feet of the drill pipe, and theirs was the only testimony offered. Under the testimony the jury was not authorized to find that there was 2,200 feet of drill pipe received by appellant.

[5] Appellant complains of the action of the trial court in embracing in the judgment the item of $34 which the jury found to be the market value of the "bushing," because the jury found the value of the rotary to be $316.65, and the jury found that the bushing was a part of the rotary. Appellant's contention is that under the jury's findings it amounts to a double recovery for said item. We sustain this assignment.

[6] Appellant complains of the action of the trial court in rendering judgment for $50 as the market value of the "crown block," because under the most favorable testimony for appellees its value was not exceeding $40, and that the court should not have rendered judgment for said item for exceeding $40. We sustain this assignment. Gallinger testified that the crown block was worth $40. There were three other witnesses who testified that it was worth from $15 to $25. The jury was not authorized to find its value was more than $40.

For the errors herein indicated, the judgment of the trial court is reversed and the cause is remanded. We have examined all of appellant's other assignments of error and do not think any of them show cause for reversal of the judgment. If appellees will file a remittitur in this court within 15 days of the $1,206.65 interest, the $34 for bushing, $10 on the crown block, $180.45, the value as found by the jury for 700 feet of drill pipe, and the $560.00, the value as found by the jury of the cones, the 400 feet of two-inch pipe, the steam guage, the pop-off valve, the overshot fishing tool, the pipe overshot fishing tool, the two water pumps, one rotary hose, the manifold and the drill collar, making a grand total to be remitted of $1,991.10, the judgment of the trial court will be reformed and affirmed for the remaining sum of $4,284.85, with interest from the date of judgment in the trial court.

### On Rehearing.

At a former day of the present term we reversed and remanded this cause because of the excessive judgment. Appellees have, in conformity with the suggestion in the original opinion, filed a remittitur of $1,991.10, and requested that the judgment be reformed and here rendered for $4,284.85. Since there are no other errors in the judgment of the trial court that in our opinion authorize a reversal of the cause, the motion of appellees is hereby granted, and our judgment remanding this cause is set aside, and the judgment of the trial court is here reformed, and judgment is rendered for appellees in the sum of $4,284.85, with interest thereon at 6 per cent. per annum from the 21st day of June, 1926, the date of judgment in the trial court. The judgment of the trial court in all other respects is affirmed; appellees to pay the costs of appeal.

We have examined appellant's motion for rehearing, and same is in all respects overruled.