## SOUTHWEST NAT. BANK OF DALLAS v. UNDERWOOD et al. (No. 9951.)

Court of Civil Appeals of Texas. Dallas.
May 7, 1927.

Rehearing Denied June 4, 1927.

1. Banks and banking ⬥154(9)—Depositors suing bank for sum paid on forged checks held entitled to interest; action being essentially for debt (Rev. St. 1925, arts. 5069, 5070).

In action by depositors against bank for sum paid out by it on forged checks, depositors *held* entitled to recover interest on such sum as a matter of law under Rev. St. 1925, arts. 5069, 5070, the action being essentially one for debt, as the relation was that of debtor and creditor.

2. Banks and banking ⬥154(5)—Answer of bank sued for sum paid on forged checks setting up negligence and estoppel of depositors, presented valid defense.

In action by depositors against bank for sum paid out on forged checks, bank's answer that depositors failed to comply with rule requiring examination of statements and returned vouchers and report of irregularities, that pass book was a contract requiring examination of canceled checks and report thereon, and that depositors placed alleged forger who was a professional forger and an ex-convict, in charge of their office, leading the bank

to believe that he was their duly authorized agent, *held* to present a valid defense.

**3. Appeal and error ⬤➡1040(4)—Error in sustaining exceptions to bank's answer, pleading negligence and estoppel of depositors to recover for bank's acts in paying forged checks, held harmless, where jury found bank negligent.**

In action by depositors against bank for sum paid out on forged checks, sustaining exceptions to ·portion of · bank's answer, which set up, a valid defense by pleading negligence and estoppel, *held* harmless ·error where jury found bank was negligent in paying checks.·

**4. Banks and banking ⬤➡148(3)—Bank negligent in paying forged checks held liable, though depositors were negligent in discovering forgeries.**

Where bank was guilty of negligence in paying forged checks, fact that the depositors were guilty of negligence in failing to discover and report the forgeries did not relieve the bank from liability.

Appeal from District Court, Dallas County; Claud M. McCallum, Judge.

Action by H. F. Underwood and W. L. Wood, a partnership, against the Southwest National Bank of Dallas. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Thomas, Frank Milam & Touchstone, of Dallas, for appellant.

Adams & Harrell and W. B. Harrell, all of Dallas, for appellees.

LOONEY, J. H. F. Underwood and W. L. Wood, partnership, sued Southwest National Bank of Dallas, Tex., to recover funds deposited with the bank and paid out on forged checks.

The bank specially pleaded that the checks Were forged by one Andre, plaintiffs' bookkeeper, and were paid under circumstances which estopped plaintiffs.

The case was tried to a jury and submitted on special issues. The material findings of the jury on which the court rendered judgment in favor of plaintiffs are substantially that the bank charged to the account of plaintiffs certain checks, not authorized by them, amounting in the aggregate to the sum of $3,149.82; that the bank, its officers, agents, and employees, were negligent in failing to discover that the checks were forged; and that plaintiffs did not learn their account had been charged with these checks until during the month of April, 1924.

On these findings and others of a subsidiary nature the court rendered judgment in favor of plaintiffs for the amount of the forged checks, with interest at 6 per cent. per annum from April, 1925. The bank has appealed from this judgment, and assigns errors.

[1] Its first contention is that the court erred in allowing plaintiffs to recover interest on the amount of the forged checks prior to the date of judgment.

The relation between plaintiffs and the bank was contractual, that of debtor and creditor, and the suit was essentially an action for debt, notwithstanding charges and counter charges of negligence that crept into the pleadings; hence we are of the opinion that plaintiffs were entitled to recover interest on the amount as a matter of law. R. S. 1925, arts. 5069, 5070. Even if the action could be considered one sounding in tort, still plaintiffs would be entitled to recover interest eo nomine on the value of the property converted from the date of the conversion. St. L. S. W. Ry. Co. of Tex. v. Seale & Jones (Tex. Com. App.) 267 S. W. 676; C., R. I. & G. Ry. Co. v. Trinity Valley Produce Co. (Tex. Civ. App.) 269 S. W. 1109. We overrule this contention.

[2, 3] Appellant has assigned error on the action of the court in sustaining plaintiffs' exceptions to that portion of its answer pleading negligence and estoppel.

Appellant alleged substantially that plaintiffs failed to comply with the rule of the bank that required depositors to examine statements, returned vouchers, and report as to any irregularities found; that the pass book furnished plaintiffs by the bank was a contract between the parties which required the depositors to examine canceled checks and report thereon within ten days; that plaintiffs placed L. C. Andre, a professional forger and ex-convict, in charge of their office, in possession of their books and pass book, with authority to make deposits, receive their pass book, statements, and canceled checks, and receipt for same in plaintiffs' name—all of which led appellant to believe that Andre was the duly authorized agent of plaintiffs—and by reason of this conduct they were guilty of negligence, which estops them from recovering the amount of the forged checks.

We are of the opinion that the pleading in question presented a valid defense, and that the court erred in sustaining the special exceptions, but, in view of the facts found by the jury that are, in our opinion, decisive of this controversy, as hereinafter shown, the error was harmless, and this without regard ·to the issues sought to be presented in the pleading.

[4] The material question on this appeal is presented in appellant's contention that, as the jury found that the payment of the forged checks was induced by the contributory negligence of the plaintiffs, judgment against it was wholly unauthorized.

This contention is based on the findings of the jury to the effect that the bank's statements for December, 1923, and for January and February, 1924, were by appellant delivered to Andre, plaintiffs' bookkeeper, and were by him placed in the files of plaintiffs' office immediately after their receipt; that

the plaintiffs were negligent in failing to discover prior to the time they did that, the bank had charged the forged checks to their account. These findings were followed by this question and answer:

"Question: If you have answered the above question in the affirmative, did the failure of the plaintiffs to examine said statements directly contribute in anywise to the payment of any or all of said checks in controversy by the defendant? Answer 'Yes' or 'No.' Answer: Yes."

Under these ascertained facts, the case presents the identical question decided by the Amarillo Court of Civil Appeals in Coleman Drilling Co. v. First Nat. Bank of Burkburnett, 252 S. W. 215, in which case the Supreme Court refused a writ of error.

As will be observed from a reading of that case, the jury found (as the jury found in the case under consideration) that the officers and employees of the bank were guilty of negligence in paying the forged checks. The jury also found in that case (as the jury found in the instant case) that the plaintiff was guilty of negligence in failing to discover and report the forgeries. The Court of Civil Appeals held, in a well-sustained opinion by Judge Boyce, that, as the bank was negligent in the first instance in paying the forged checks, it was liable, notwithstanding plaintiff's subsequent negligence in failing to discover and report the forgeries.

The correctness of the doctrine underlying this decision seems to be generally recognized. It is announced in 3 R. C. L. at pages 538, 539, § 168, as follows:

"A bank is under an obligation to its depositor to use care in scrutinizing checks paid, to discover forgeries and render its accounts to prevent the perpetration of frauds upon its depositor. And if the bank's officers, before paying forged or altered checks, could by proper care and skill have detected the forgeries, then it cannot receive a credit for the amount of these checks, even if the depositor omitted all examination of his account. In every case where suit is brought by a depositor to recover from a bank money deposited by him, which the bank has paid out otherwise than in conformity with his orders, and the bank sets up the defense that it is nevertheless entitled to charge the depositor with such payments, because of conduct of the depositor subsequent to such payment, the preliminary question to be determined is whether the bank was or was not guilty of negligence in making the payments. If it was negligent, if its officers are found to have failed to exercise due and reasonable care in detecting the forgery or fraud, then the subsequent negligence of the depositor, his failure to perform his duty in examining his pass book and vouchers with reasonable care and report to the bank in a reasonable time any errors or mistakes, will constitute no defense, and it is generally a question for the jury whether the bank was negligent in paying a forged or fraudulently altered check."

The text quoted above is the language of the Supreme Court of Delaware in National Dredging Co. v. President, etc., Farmers' Bank, etc., 6 Pennewill, 580, 592, 69 A. 607, 611, 16 L. R. A. (N. S.) 593, 599. In connection with the language quoted, the court, speaking of the universality of the doctrine, said:

"It is needless to cite cases in which this doctrine is explicitly stated, because they are all in accord upon this point, and the doctrine is assumed in every case where it is not stated. It is not disputed by counsel for the defendant, and, in fact, is indisputable, being recognized in all the authorities, however much they may differ otherwise in the doctrines they apply to the questions arising in consequence of subsequent negligence on the part of depositors."

This rule, in our opinion, is a just one, for otherwise there would be exacted of a depositor, unreasonably, the duty to safeguard the bank against the negligence of its own officers and employees.

We have carefully considered all assignments of error, and, finding no reversible error, the judgment of the court below is affirmed.

Affirmed.